**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ORKHAN GULIYEV, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID SANDBERG, W. CARL DREW, | )   C.A. No. _____ |
| DANIEL GILL, PATRICK GOEPEL, | ) |
| CHARLES LATHROP, JR., BRADFORD | ) |
| OBERWAGER, BJORN REYNOLDS, and | ) |
| ASURE SOFTWARE, INC., | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**

Plaintiff Orkhan Guliyev ("Plaintiff") brings this Complaint for Violation of Federal Securities Laws ("Complaint") against Asure Software, Inc. ("Asure" or the "Company") and the members of its board of directors (the "Board"), namely: David Sandberg ("Sandberg"), W. Carl Drew ("Drew"), Daniel Gill ("Gill"), Patrick Goepel ("Goepel"), Charles Lathrop, Jr. ("Lathrop"), Bradford Oberwager ("Oberwager"), and Bjorn Reynolds ("Reynolds") (collectively, the "Director Defendants" and, together with Asure, "Defendants"). Plaintiff's allegations are based upon the knowledge of Plaintiff as to himself and upon information and belief, including the investigation conducted by his undersigned attorneys and a review of public information, including news reports and documents filed with the U.S. Securities and Exchange Commission ("SEC"), as to all other matters.

**INTRODUCTION**

1.     Plaintiff, an Asure stockholder, brings this action against the Company and its Board in connection with their solicitation of stockholder approval of an amendment to the Restated Certificate of Incorporation of Asure Software, Inc. (the "Certificate"). If approved, the proposed amendment would increase the total number of authorized shares of Asure's capital stock

from 23,500,000 to 45,500,000 and the number of authorized shares of Asure's common stock from 22,000,000 to 44,000,000 (the "Certificate Proposal").

2.      The Board has solicited stockholder approval of the Certificate Proposal through issuance of a proxy statement filed by Asure with the SEC on April 27, 2020 (the "2020 Proxy"), in which it recommends that stockholders vote in favor of the Certificate Proposal at the annual meeting of stockholders scheduled to be held on May 27, 2020 (the "2020 Annual Meeting").

3.      In the 2020 Proxy, the Company claims that approval of the Certificate Proposal "requires the affirmative vote of the shares which are present or represented by proxy at the Annual Meeting."

4.      This assertion is wrong. The Delaware General Corporation Law ("DGCL") specifies a statutory standard for amendments to corporate charters like that contemplated by the Certificate Proposal, *to wit*: "a majority of the outstanding stock entitled to vote thereon". 8 *Del. C.* § 242(b)(1) ("Section 242(b)(1)"). A corporation may adopt a higher voting standard. *See* 8 *Del. C.* § 102(b)(4) (providing that a certificate may contain a provision "requiring for any corporate action, the vote of a larger portion of the stock . . . than is required by this chapter"). However, nothing in the DGCL authorizes a corporation to adopt a lower voting standard.

5.      Because the disclosure in the Proxy concerning the threshold for approval of the Certificate Proposal is at odds with the standard specified in the DGCL for stockholder approval of amendments to corporate charters, the Proxy is materially false and misleading.

6.      Accordingly, Plaintiff brings this action, through which he seeks injunctive relief, to correct the false and misleading disclosures in the Proxy and afford himself and other stockholders complete and accurate information concerning the voting standard applicable to the Certificate Proposal before Asure stockholders vote thereon.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa].

8.      Personal jurisdiction exists over each Defendant because each Defendant either conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under traditional notions of fair play and substantial justice.

9.      Venue is proper because many of the acts and conduct complained of herein occurred in this District, Asure is incorporated in this District, and the Director Defendants are Asure directors.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

## PARTIES

### I.   PLAINTIFF

11.     Plaintiff is, and has continuously been, an Asure stockholder at all relevant times, and is entitled to vote at the 2020 Annual Meeting.

### II.   DEFENDANTS

12.     Nominal Defendant Asure is a Delaware corporation which maintains its principal executive offices at 3700 N Capital of TX Hwy, Suite 350, Austin, Texas 78746.

13.    Defendant David Sandberg has been an Asure director since 2009. Sandberg currently serves as Chairman of the Board.

14.    Defendant W. Carl Drew has been an Asure director since the Board increased its size on April 1, 2020.

15.    Defendant Daniel Gill has been an Asure director since 2017.

16.    Defendant Patrick Goepel has been an Asure director since 2009.

17.    Defendant Charles Lathrop, Jr. has been an Asure director since 2019.

18.    Defendant Bradford Oberwager has been an Asure director since 2018.

19.    Defendant Bjorn Reynolds has been an Asure director since the Board increased its size on April 1, 2020.

## FURTHER SUBSTANTIVE ALLEGATIONS

20.    Asure was founded in 1985 and organized under the laws of Delaware in 1989. In its most recent annual report, the Company described itself as "a leading provider of cloud-based Human Capital Management . . . software and services".

21.    The present iteration of Asure's Certificate authorizes up to 23,500,000 shares of capital stock, comprising 22,000,000 shares of common stock and 1,500,000 shares of preferred stock. As of April 22, 2020, 15,743,199 shares of the Company's common stock were outstanding, net of 384,159 treasury shares, and no shares of preferred stock were outstanding.

22.    Of the remaining pool of authorized common stock, (i) 1,214,647 shares of common stock were reserved for reserved stock units and issuance upon exercise of outstanding stock options, (ii) 1,898,555 shares of common stock were reserved for future issuance under the Company's equity incentive plan, and (iii) 300,605 shares of common stock were available for future issuance under our Asure's Amended Purchase Plan. Accordingly, as of April 22, 2020, there were 2,458,835 shares of common stock unreserved and available for future issuance.

– 4 –

23.     Through the Proxy, the Board has solicited shareholders to approve the Certificate

Proposal to increase the number of authorized shares of common stock:

> We are focused on growing our customer base as well as adding complimentary
> products to increase our recurring revenue. Increasing the number of authorized
> shares will enable us to have sufficient shares for our foreseeable future growth
> plans, including any potential financings, equity offerings, strategic acquisition
> opportunities, the continued issuance of equity awards to recruit, retain and
> motivate key employees without spending a large amount of cash, and for other
> proper corporate purposes. From time to time, we evaluate and engage in
> discussions relating to possible opportunities for raising additional capital or
> entering into other transactions that may involve the issuance of additional shares
> of common stock.

(Proxy at 12).

24.     In soliciting stockholder approval of the Certificate Proposal, Defendants misstated

the threshold of affirmative votes necessary for approval of the Certificate Proposal:

> The proposal to approve an amendment to our Restated Certificate of Incorporation
> requires the affirmative vote of the shares which are present or represented by proxy
> at the Annual Meeting. Each of the remaining proposals must be approved by ***a
> majority of the shares of common stock present in person or represented by proxy***
> at the Annual Meeting and voting thereon, including our proposal to approve an
> amendment to our Restated Certificate of Incorporation.

 (*Id.* at 2 (setting forth the "Incorrect Standard") (emphasis added)).

25.     The actual, statutory standard is specified by the DGCL. Section 242(b)(1) requires

that, excepting the changing of a corporation's name or deletion of vestigial or ministerial

language, a higher threshold must be satisfied:

> At the meeting a vote of the stockholders entitled to vote thereon shall be taken for
> and against any proposed amendment that requires adoption by stockholders. If . .
> . ***a majority of the outstanding stock entitled to vote thereon*** . . . has been voted in
> favor of the amendment, a certificate setting forth the amendment and certifying
> that such amendment has been duly adopted in accordance with this section shall
> be executed, acknowledged and filed and shall become effective in accordance with
> § 103 of this title.

((Emphasis added); *see generally* Third Amended and Restated Bylaws of Asure Software, Inc. § 7 ("***Except as otherwise required by statute***, . . . any matters, other than the election of directors, coming before any meeting of the stockholders shall be decided by the vote of the holders of a majority of the shares of capital stock of the Corporation present in person or by proxy at such meeting and voting thereon, a quorum being present." (emphasis added))).

26.     Plaintiff and the Company's stockholders have not been accurately apprised of the applicable statutory standard that must be satisfied for the Certificate Proposal to carry. Stockholders are entitled to disclosure of this material fact. Absent such disclosure, they will be unable to cast a fully informed vote on the Certificate Proposal.

27.     The Board authorized the dissemination of the Proxy, which sets forth an Incorrect Standard which conflicts with Section 242(b)(1), and has thereby taken action at direct odds with the DGCL. Stockholders' voting rights are at imminent risk of being compromised through the Board's disclosure of the Incorrect Standard and not the standard specified by Section 242(b)(1).

## CLAIMS FOR RELIEF

### COUNT I
Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder
*(Against All Defendants)*

28.     Plaintiff realleges each allegation pleaded above.

29.     The Director Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, improperly disclosed the Incorrect Standard.  Asure is liable as the issuer of these statements.

30.     The Proxy was prepared, reviewed, and/or disseminated by the Director Defendants, who were aware of the information set forth therein.  By virtue of their positions within the Company, the Director Defendants had a duty to disclose accurate information in the

Proxy.

31.     The Director Defendants were at least negligent in filing the Proxy with the materially false and misleading Incorrect Standard.

32.     The omission of the correct, DGCL standard and inclusion of the false and misleading Incorrect Standard in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Certificate Proposal.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

33.     The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Certificate Proposal.

34.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35.     Because of the false and misleading statements in the Proxy, Plaintiff and the stockholders are threatened with irreparable harm.

## COUNT II
### BREACH OF FIDUCIARY DUTY
*(against the Director Defendants)*

36.     Plaintiff realleges each allegation pleaded above.

37.     The Director Defendants owe fiduciary duties to Asure stockholders, including the duties of care, disclosure, good faith, and loyalty.

38.     By virtue of their positions as directors of Asure and/or their exercise of control and ownership over the business and corporate affairs of the Company, the Director Defendants have, and at all relevant times during their respective tenures on the Board had, the power to control

and influence and did control and influence and cause the Company to engage in the practices complained of herein. Each Director Defendant was required to cause the Company to comply with Delaware law when issuing disclosures.

39.     The Director Defendants breached their fiduciary duties by issuing the Proxy, which contains the materially false Incorrect Standard, and thereby denying Plaintiff and the stockholders full and accurate information about the Certificate Proposal.

40.     As a result of these actions of the Director Defendants, Plaintiff and the stockholders have been and will be injured.

41.     Plaintiff has no adequate remedy at law.

**COUNT III**
DECLARATORY RELIEF
*(against All Defendants)*

42.     Plaintiff incorporates by reference and realleges each allegation set forth above.

43.     The facts and circumstances pleaded herein have given rise to an actual controversy which currently exists between Plaintiff, on one hand, and Defendants, on the other hand, concerning their respective rights and duties under Delaware law.

44.     By improperly disclosing the Incorrect Standard and failing to disclose the applicable standard under Section 242(b)(1) of the DGCL, Defendants have denied Plaintiff and the stockholders full and accurate disclosure of information material to their vote on the Certificate Proposal.

45.     Plaintiff desires a judicial determination and declaration that the Proxy is false and misleading.

46.     A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff and the stockholders will receive full and accurate disclosures

concerning the Certificate Proposal prior to the stockholder vote set to take place at the Annual Meeting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the description of the Incorrect Standard in the Proxy is false and misleading;

B. Enjoining the stockholder vote on the Certificate Proposal until such time as Defendants have corrected the Incorrect Standard and otherwise made full disclosure of all information material to stockholders' vote on the Certificate Proposal;

C. Finding the Director Defendants liable for breaching their fiduciary duties;

D. Awarding Plaintiff the costs and disbursements of this action, including attorneys', accountants', and experts' fees; and

E. Awarding such other and further relief as is just and equitable.

Dated: May 4, 2020                          Respectfully submitted,

                                            FARNAN LLP

OF COUNSEL:
                                            /s/ Michael J. Farnan
                                            _____
FIELDS KUPKA & SHUKUROV LLP                 Brian E. Farnan (Bar No. 4089)
William J. Fields                           Michael J. Farnan (Bar No. 5165)
Christopher J. Kupka                        919 N. Market St., 12th Floor
1370 Broadway, 5th Floor – #5100            Wilmington, DE 19801
New York, New York 10018                    (302) 777-0300
(T) 212.231.1500                            bfarnan@farnanlaw.com
(F) 646.851.0076                            mfarnan@farnanlaw.com
wfields@fksfirm.com
ckupka@fksfirm.com                          *Attorneys for Plaintiff*